IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DISTRICT

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 3 2000

JAMES W. McCORMACK, CLERK
BY: _____ DEP CLERK

TERRY HILL and CHERYL HILL, Individually and as
PARENTS AND NEXT FRIEND OF
TAYLOR HILL, A MINOR

PLAINTIFFS

vs.   No. 3:00CV00423 SWW

STEVEN BLANCHARD, M.D.
and JOHN DOE I & JOHN DOE II

This case assigned to District Judge Wright
and to Magistrate Judge Jones

DEFENDANTS

## COMPLAINT

Comes the plaintiffs, Terry Hill and Cheryl Hill, and for their cause of action against the defendants, Steven Blanchard, M.D., John Doe I and John Doe II, allege and state as follows:

1. Plaintiffs are citizens and residents of Holliston, Massachusetts and the parents of Taylor Hill, a minor girl, born November 6, 1998; that defendant Steven Blanchard, M.D. is a licensed physician, practicing in Jonesboro, Arkansas at the time the incident hereinafter alleged occurred. That defendants, John Doe I and John Doe II may be individuals or entities involved with the medical care and treatment described herein.

2. The amount in controversy exceeds, exclusive interest and costs, the sum of Seventy Five Thousand Dollars ($75,000.00), and complete diversity of citizenship exists among the parties to vest jurisdiction in this Court pursuant to 28 U.S.C. § 1332.

3. Plaintiff, Cheryl Hill, was seen and followed during her 1998 pregnancy by Carl Edwards, M.D. of Jonesboro, Arkansas. On November 6, 1998, Cheryl Hill gave birth to a girl, named Taylor Hill, at Regional Medical Center of NEA (formerly Methodist Hospital of Jonesboro). Shortly after Taylor was born she was seen by defendant, Steven Blanchard, M.D. who examined said child and ordered x-rays to be taken and afterwards informed plaintiffs that their

newborn girl had a "hip click in both hips." Dr. Blanchard further informed plaintiffs this condition would improve over time and the clicks would disappear.

4. Approximately 7 or 8 months later, Dr. Blanchard ordered additional x-rays of Taylor's hips and informed plaintiffs that the hips were almost healed. Plaintiffs had told Dr. Blanchard of their plans to move to Massachusetts and he informed them to follow-up with a pediatrician there which they did in September of 1999. Plaintiffs were subsequently referred to Dr. Michael Mellis, a pediatric hip surgeon who performed surgery on both of Taylor's hips to correct the condition resulting from the dislocated hips not being properly treated by Dr. Blanchard initially. Had Taylor's condition been properly treated by placing her in a brace initially, the need for corrective surgery would have been unnecessary and she would not be permanently impaired.

5. During his care and treatment of Taylor Hill, defendant Steven Blanchard, M.D. failed to adhere strictly to the standard of care expected, required and demanded as similarly situated medical providers in the care and treatment of plaintiffs' child, Taylor Hill. The negligent acts of said defendants included, but is not limited to, the following:

(a) Failing to communicate and inform plaintiffs of the inherent and potential hazards of a newborn infant having dislocated hips;

(b) By improperly informing plaintiffs that the condition of Taylor's hips would improve over time and disappear;

(c) Failing to have Taylor Hill placed in a brace when the dislocated hips were first diagnosed;

(d) Failing to properly treat and render appropriate medical care to a newborn having dislocated hips;

(e) Failing to report and inform of the nature and degree of the risk, harm or adverse results that can be involved in an infant child with dislocated hips;

(f) Failing to properly refer to a specialist in a timely and appropriate manner;

Each and all of the foregoing acts were failures to adhere to the standard of care and constituted negligence, and each were the proximate of the occurrence and injuries suffered by Taylor Hill and the damage suffered by her and plaintiffs herein.

6. As a direct and proximate result of the negligence of defendants, Taylor Hill required extensive medical care and treatment, has required extensive medical and hospital correction of her hip condition with resulting permanent damage and impairment, substantial medical care and expense all which are, in reasonable probability, permanent and will continue throughout her lifetime and which would not have been necessary if proper care and treatment had been rendered initially by defendant Steven Blanchard, M.D.

7. Plaintiff requests a trial by jury.

THEREFORE, plaintiffs request judgment against defendants, Steven Blanchard, M.D. and John Doe I and John Doe II, jointly and severally, for a sum in excess of that required for federal court jurisdiction; for their costs expended in this action; and for such further and proper relief to which they may be entitled under the premises hereof.

**HENRY, HALSEY & THYER, PLC**
630 South Main
Jonesboro, AR 72401
(870) 932-4522

By: _____
Attorneys for Plaintiff

## AFFIDAVIT

STATE OF ARKANSAS

COUNTY OF CRAIGHEAD

I, Troy Henry, attorney for plaintiffs in the foregoing Complaint, hereby state under oath that the identity of John Doe I and John Doe II is unknown at the present time and said defendants may be tortfeasors in this cause of action.

_____
Troy Henry

Subscribed and sworn before me this November 3, 2000.

_____
Notary Public

My Commission expires:

Candace O. Sessums
NOTARY PUBLIC
Craighead County, Arkansas
My Commission Exp. 3-10-2010

TH:cos